In the Matter of the Application of the County Collector for Judgment of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1959 and Prior Years. Petition of Interstate Bond Company for Tax Deed. Riverview Home Builders, Inc., Appellant, v. The John Allan Company, Appellee.

Gen. No. 64–37.

Second District.

June 3, 1965.

John Demling, of Chicago, for appellant.

Allan L. Blair, of Chicago, and David H. Armstrong, of Aurora, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This case involves conflicting claims to a parcel of land in McHenry County. The property was originally owned by Robert and Leona Nottoli. Their interest was encumbered with a trust deed in the nature of a mortgage, with the Chicago Title & Trust Company as trustee. The owner of the note secured by the trust deed was Riverview Home Builders, Inc.

The real estate taxes on the property became delinquent, a tax foreclosure proceeding was instituted in the County Court, and, on October 24, 1960, the Interstate Bond Company purchased the land at a tax sale for the sum of $120.30. A certificate of sale was issued.

The Nottolis also became delinquent in their payments on the note, and, on August 28, 1961, a mortgage foreclosure action was filed in the Circuit Court of McHenry County. The foreclosure suit went to decree, and, on March 8, 1963, Riverview Home Builders, Inc., as assignee of Chicago Title & Trust Company, purchased the property at a Master's sale for the sum of $16,384.35 and received a Master's deed. This deed was not recorded.

On March 25, 1963, Interstate Bond Company filed a petition in the County Court, praying for the issuance of a tax deed to the property. At that time, the records in the Recorder's office showed only the interest of the Nottolis and that of the Chicago Title & Trust Company. In conformity with the notice requirements of the Revenue Act, Ill Rev Stats ch 120, secs 744, 747 (1961), the Nottolis and the Chicago Title & Trust Company were personally served with notice of the petition. The Statute requires notice to all "owners of, or parties interested in such real estate . . . ," and provides for notice by publication in the event they are not known. Accordingly, Interstate Bond Company published a notice for three successive weeks in a local newspaper during April of 1963, directed to the parties shown of record "and to unknown owners or parties interested in said real estate," advising that the Petition had been filed and that the property could be redeemed from the tax sale at any time up to the date of issuance of a tax deed.

On August 15, 1963, Interstate Bond Company assigned its certificate of purchase to the John Allan Company, the appellee in this case. Thereafter, on September 3, 1963, the John Allan Company filed a petition in the County Court praying for an order directing the County Clerk to issue a tax deed, and

an order to that effect was entered by the County Court that same day.

It appears that the attorney for Riverview Home Builders, Inc., the appellant herein, had no knowledge of the tax sale at the time he handled the foreclosure of the trust deed, nor did he learn of it until October 3, 1963, 30 days after entry of the order directing issuance of a tax deed to the John Allan Company, when he received a telephone call from the attorney for the John Allan Company, advising him that the property had gone to the Allan Company by default and that Allan was now willing to sell it for $11,000.

After the telephone conversation, counsel for Riverview hastily prepared a petition to vacate the order of September 3, and filed the petition that same day, October 3, in the County Court. For some reason, this attorney felt that the actual mortgagee was the Home Federal Savings & Loan Association. The petition was filed in the name of "Home Federal Savings & Loan Association, and Mr. Nottoli, and the owners of the fee title to the premises. . . ." The petition moved to vacate the order directing the issuance of the tax deed "for reasons of equity and for improper service of notice, and for lack of jurisdiction."

The attorney for Riverview finally became aware of the fact that Riverview was his client, and, on October 28, 1963, filed two more pleadings. One was a short motion to appear in the cause on behalf of Riverview Home Builders, Inc. The second document was entitled "Motion to Amend Petition." This verified pleading begins with a request to amend the petition previously filed on October 3, in the name of Home Federal Savings & Loan Association and Mr. Nottoli, and then, in support of the request, sets out in some detail the facts concerning the trust deed,

the foreclosure proceeding and purchase of the property at the Master's sale by Riverview, and alleges that Riverview was ignorant of the tax proceeding and the interest of Interstate Bond Company prior to the telephone call of October 3. The pleading concludes with a prayer that Riverview be allowed to substitute for Home Federal Savings & Loan Association and Mr. Nottoli and that the Order of September 3 be vacated and the tax deed to the Allan Company be set aside. There was also a further prayer for leave to deposit $1,000 with the Clerk of the Court, for the account of the Allan Company, to be used to pay that company whatever amount might be due it under the Revenue Statute.

No document actually styled an amendment to the petition of October 3 was submitted to the court, but it is clear that this "Motion to Amend Petition" was, in effect, an amended Petition which counsel was seeking leave to file.

The Allan Company did not file an answer to these pleadings, and, on October 28, an order was entered which recited that arguments of counsel had been heard "and at the close of all proofs and arguments of counsel, it is ordered that motion to amend petition be denied and motion to vacate order be and hereby is denied." It is from this order of October 28 that Riverview appeals.

The appellant argues that its motion to vacate the order of September 3, having been filed on the thirtieth day following entry of the order, was in effect a motion to set aside a default and should be viewed with the liberality accorded such motions when they are filed within 30 days. (See e. g. McDowell v. Jarnagin, 56 Ill App2d 395, 206 NE2d 497 (1965), for the distinction between motions filed within 30 days and those filed more than 30 days after rendition of the judgment.) Appellant argues that the attempted

amendment of the petition should have been allowed, since all that was involved in the amendment was the correction of a misnomer.

As to the merits of its petition "as amended," Riverview asserts that the facts stated in the petition show a lack of diligence on the part of Interstate and the Allan Company in locating the parties interested in the property, inasmuch as, had the files in the Circuit Court been examined, the file in the case involving the foreclosure of the trust deed would have revealed the interest of Riverview. Appellant's point is that, since the tax buyer failed to exercise due diligence to discover the existence of Riverview's interest, the service by publication cannot bind Riverview as an "unknown owner."

Appellee, the Allan Company, contends that no petition was filed by Riverview within 30 days and that Riverview cannot, in the guise of correcting a misnomer, enter the case retroactively. Appellee reasons, therefore, that the motion filed by Riverview on October 28, being filed after term time, must be tested by the more rigorous standards applicable to motions under section 72 of the Practice Act, Ill Rev Stats ch 110, sec 72 (1963), and was properly denied for failure to state the necessary grounds for relief. Appellee further argues that, in any event, there is no showing that the lower court abused its discretion in denying the motion to vacate the order. Finally, Appellee argues that it complied with the requirements of the Revenue Act by making personal service upon the parties whose interest was shown of record, and by serving "unknown owners" by publication.

The trial court retained jurisdiction over its order of September 3, for 30 days, or until October 3. After October 3, it could vacate the order only on grounds recognized under section 72 of the Practice Act. Shapiro v. Hruby, 21 Ill2d 353, 358, 172 NE2d

97

775 (1961). Appellant does not claim that it has filed any motion pursuant to Section 72, nor does it assert that it has the necessary grounds for such a motion. No fraud was alleged in any of the documents appellant filed in the court below, nor has any argument been made in this court that the order of September 3 was brought about by any fraud on the part of appellee.

If Appellant is to prevail, then, it must be on the basis that it filed a motion within 30 days after September 3, before the court lost jurisdiction. Yet, Appellant was not named in the motion which was filed on October 3. The movants were "Home Federal Savings & Loan Association, and Mr. Nottoli, and the owners of the fee title to the premises." On October 28, twenty-five days after the court had lost jurisdiction, Riverview moved to file an amended petition to vacate, whereby it sought to be substituted for Home Federal Savings & Loan Association and Mr. Nottoli. We believe that this motion of October 28 did not merely seek to correct a misnomer, but, rather, sought to introduce a new party into the proceeding after the 30 days had expired. It was not an amended petition, but a new petition sought to be filed by a new party. See Grewenig v. American Baking Co., 293 Ill App 604, 13 NE2d 183 (2d Dist 1938). Moreover, the detailed recital of facts set forth in the petition of October 28 bore little if any relationship to the brief and general grounds set forth in the petition of October 3.

We have in mind the liberal policy regarding amendments. However, we also have in mind the policy favoring finality of judgments. Appellant did not file a petition within 30 days and did not allege the necessary grounds to challenge the judgment after

the expiration of 30 days, pursuant to section 72 of the Civil Practice Act.

Accordingly, appellant's petition of October 28 was properly denied, and the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.