(Nos. 40901, 41052 cons.—

WILLIAM PAPE, Appellant, *vs.* THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed September 24, 1968.*

ANGELO RUGGIERO, of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE, and ROBERT F. NIX, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

These consolidated appeals involve retailers' occupation tax claims. In No. 40901 appellant William Pape appeals from a judgment of the Cook County circuit court affirming on administrative review a deficiency assessment against him by the Department of Revenue of $161,317.21 for retailers' occupation tax for the period of January 1, 1962, through December 31, 1964. Case No. 41052 is an appeal by the same taxpayer from a judgment obtained by the Department against him in the same court in the amount of $23,935.65 representing retailers' occupation tax for the period of January 1 through April 30, 1965.

Basically, the dispute here revolves about ownership of a retail liquor business and liability for the taxes resulting from its operation. Section 2a of the Retailers' Occupation

Tax Act (Ill. Rev. Stat. 1967, chap. 120, par. 441a) requires retailers of tangible personal property to secure from the Department of Revenue a certificate of registration. Applications therefor are made on departmental forms signed and verified by the applicant and stating his name, his residence address and principal business address, the addresses of all other places of business and such other information as the Department may reasonably require. If approved by the Department, a certificate of registration is then issued to the applicant, and such certificate must thereafter be conspicuously displayed at his principal place of business. The subsequent monthly tax return forms are furnished by the Department and bear the registration number initially assigned to the applicant.

The factual situation here is confusing. In 1961 there were applications for registration filed by "William Pape" on May 20, June 7, and November 14, pursuant to section 2a. All three applications listed the business address as 1423 W. 55th Street, LaGrange, but the first of these showed the residence address of the owner as 1610 W. 18th Street, Chicago, the second gave 5083 W. Jackson, Chicago, as the residence, and the third again showed 1610 W. 18th Street. The first listed the name of the business as "Countryside Food and Beverage", showed in the space for the owner's name "William Pape", was signed "William Pape" as applicant, and the word "Owner" is written under that name; the signature purports to be witnessed. The June 7 application gives the business name as "Countryside Foremost Liquors", the business address is the same, the owner's name is listed as William Pape and it bears the name William Pape as applicant although apparently signed by a Frank Struck as manager. The November application again shows the same business name, address, ownership and signature as the May 20 application and is apparently witnessed by Howard L. Treshansky who is said to be a lawyer and who supposedly signed the printed statement

on the form certifying his acquaintanceship with the applicant and his knowledge that applicant was engaged in the described business at the stated address. Treshansky was not called as a witness. Appellant denies any knowledge of any of these applications.

Thereafter, monthly tax returns were filed in 1962, 1963 and 1964 and the manner in which they were signed does nothing to lessen the confusion. All of the returns were filed under the registration number originally assigned to William Pape as owner of Countryside Food and Beverage, and each return either certified that no change in ownership of the business had occurred or left that question unanswered. The returns for January through October, 1962, were signed "William Pape", and on the line below the signature a query as to Pape's title was answered "Owner". The November, 1962, return was signed "William Pape" and his title listed as "secretary"; the December, 1962, return was signed "Frank Pintozzi", and his title given as "secretary". The January, 1963, return bore the signature "Frank Pintozzi", and the title "president", as did those for February, March, April, May, June (on this one Pintozzi is also described as "owner"), July, August, September, October, November and December. In January and February, 1964, John R. Meehan (appellant's uncle) signs the return as "vice-president"; Pintozzi signs again in March as president, and in April and May the returns are again signed "William Pape" but with no designation of his status. The June return is signed "William Pape" and his title as shown as "Pres."; the July, August, and September returns are signed "John R. Meehan" with the title "President"; the October return appears to be unsigned, and the November and December returns are also signed "John R. Meehan" and his title is "President".

Applications were made in 1963 and 1964 for liquor licenses on behalf of "Countryside Food and Beverage, Inc." The 1963 form was signed by Lucille Pintozzi, presi-

dent, showing "11-1-60" as the date of incorporation and the address of the business as "1423 West 55th, LaGrange, Illinois", and various other business locations including "1724 South Ashland". Officers and directors were shown as Lucille Pintozzi, president, Howard Treshansky, vice-president, Lucille Salerno, secretary, and Tom Pape (appellant's brother), treasurer. Sole stockholders shown were Frank Pintozzi and Rocco Pintozzi of "1724 Ashland, Chicago, Ill." The 1964 application was signed by Frank Pintozzi as president, showed "11-1-61" as the date of incorporation, listed the officers and directors as Frank Pintozzi, president, (1724 So. Ashland), Lucille Pintozzi, secretary, (5083 W. Jackson), and Lucille Salerno, vice-president (5083 W. Jackson), and listed Frank and Rocco Pintozzi as sole stockholders.

Appellant denies having any interest in Countryside Food and Beverage, Inc., other than working for that corporation several nights a week at the Ashland Avenue store as a stock man and liquor clerk, and denies preparing, signing or filing the tax returns. He testified Frank and Rocco Pintozzi are his employers at the Ashland store. Appellant is employed during the day as a street department foreman for the city of Chicago, and testified he presently lived at 6306 N. Lennox Avenue. In case No. 40901 (1966) appellant testified he lived at 5083 W. Jackson, Chicago, during 1962, 1963, and 1964, and his personal income tax returns list that address as his residence. In case No. 41052 (1967), however, he testified he last lived at the Jackson Street address "nine, ten years ago". He introduced his personal income tax returns showing payment to him from Countryside in 1962 of $3999 as wages, $3381 in 1963 and $2964 in 1964. These tax returns appear to have been prepared by the same accountants who prepared Countryside's. Appellant's brother managed the liquor store on West 55th and it is on the door of this building that the registration certificate with appellant's name on it appears. Appellant testi-

fied he was in this building once. The Ashland Avenue address and the W. 18th Street address describe the same building.

In March, 1965, the Department instigated a field audit of the business at 1423 West 55th Street. Investigators for the Department were told, when they went there, identified themselves, inquired for the owner and asked to inspect the books and records, that the owner "was not around" and no books and records were available. They thereafter secured copies of the corporate income tax returns of "Countryside Food & Beverage, Inc., 1421 W. 55th St." for portions of the periods involved, determined the monthly average of gross sales and, based thereon, prepared corrected returns and determined the amount of the deficiency assessment.

Appellant contends the deficiency assessment for a portion of the early part of 1962 is barred by the statute of limitations (Ill. Rev. Stat. 1967, chap. 120, par. 444), but the Department urges that a waiver of the statute signed:

"Name of
Registrant   *No. 3 Countryside Food and Beverage, Inc.*
By           *John R. Meehan*
Title        *President*
Address      *1423 W. 55th Street*
City         *LaGrange Highlands, Illinois*"

renders the assessment permissible.

The above reference to "No. 3 Countryside Food and Beverage, Inc.", appears again during the departmental hearing when counsel for appellant requested a continuance in order that he might secure the records of this corporation from its auditor. The requested continuance was denied on the ground that appellant had been afforded ample time to prepare for the hearing and knew the records had been sought by the investigators months earlier.

Present counsel for appellant (who are not the same as

trial counsel) contend the judgment in No. 40901 cannot stand because the assessment is not supported by the evidence, that part of the deficiency is barred by the statute of limitations and because due process was denied him when the departmental hearing officer refused the continuance. In essence the Department's position is that it established a *prima facie* case under the statute (Ill. Rev. Stat. 1967, chap. 120, par. 443) which the taxpayer failed to rebut, and that if appellant had no interest in Countryside and had not signed the returns, it was incumbent upon him to call as witnesses those persons, such as Treshansky, who presumably could have corroborated him. In our view of the case, however, it is unnecessary to reach these questions for we affirm on other grounds.

The deficiency assessments by the Department were protested by appellant as provided by statute (Retailers' Occupation Tax Act, Ill. Rev. Stat. 1967, chap. 120, par. 443), and the hearing thereafter held by the Department resulted in final assessment in accordance with the deficiencies as originally assessed. Appellant thereafter (May 24, 1966) filed his complaint in the circuit court seeking review under the Administrative Review Act (Ill. Rev. Stat. 1967, chap. 110, par. 264 *et seq.*) and summons that day issued thereon. Section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1967, chap. 120, par. 451) specifically provides "Any suit under the 'Administrative Review Act' to review a final assessment * * * issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety * * * or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided." No apparent attempt was made by appellant to comply with this requirement, and on June 28 notice was mailed to ap-

pellant's counsel of the Attorney General's motion to dismiss the complaint for failure to comply with the security requirements of section 12. That motion was heard July 12, and an order then entered dismissing the cause at plaintiff's cost.

Nothing further appears until September 27, when a motion was filed by counsel for appellant reciting the July 12 dismissal of the cause, "2. That plaintiff did come in for hearing within the thirty-day period allowed, but that this case has been continued from time to time, and said order of July 12, 1966, was therefore entered in error" and requesting vacation of the July 12 dismissal order, reinstatement of the case and leave to file an amended complaint instanter. This motion was allowed and appellant given ten days in which to petition to have a lien imposed upon his property; the cause was continued to October 10 and on that date a petition was filed by appellant requesting the court to impose a lien upon his property, and an order doing so was then entered. The case thereafter proceeded normally.

The Attorney General contends that appellant's failure to file his bond or use the alternative lien method within the 20-day period deprived the circuit court of jurisdiction to proceed. While plaintiff's attorney labels this argument "frivolous", we agree that the case was improperly reinstated, although our agreement is predicated upon a somewhat different basis. Under ordinary circumstances, post-judgment motions must be filed within 30 days as provided by the Civil Practice Act (Ill. Rev. Stat. 1967, chap. 110, pars. 50(5) and 68.3(1)), and a court is without authority to allow a motion filed later than 30 days from a final judgment except in the extraordinary circumstances meriting post-judgment relief beyond the 30-day period provided for by the 2-year period within which a section 72 petition may be filed. Ill. Rev. Stat. 1967, chap. 110, par. 72.

There is nothing in the record of this case nor in the

content of the September 27 motion to indicate it was intended as a section 72 motion, and it is clearly insufficient in content to warrant relief thereunder. It was apparently considered as the type of post-judgment motion contemplated by sections 50(5) and 68.3(1) but, as such, fails to meet the requirement that it be filed within 30 days of the entry of judgment. Allowance of the motion to vacate the July 12 dismissal and reinstate the case was clearly error. *Shapiro* v. *Hruby,* 21 Ill.2d 353, 358; *Brockmeyer* v. *Duncan,* 18 Ill.2d 502, 505; *Corwin* v. *Rheims,* 390 Ill. 205, 214-15; *In re Estate of Schwarz,* 63 Ill. App. 2d 456, 460-1; *In re Application of County Collector,* 60 Ill. App. 2d 92, 97-8.

We turn now to case No. 41052. The issues in this action at law, in which administrative review of the deficiency assessment was not sought, are quite limited. (*Department of Revenue* v. *Steacy,* 38 Ill.2d 581, 583; *Department of Revenue,* v. *Joch,* 410 Ill. 308, 315; *Weil-McLain Co.* v. *Collins,* 395 Ill. 503, 506; *Superior Coal Co.* v. *O'Brien,* 383 Ill. 394, 397; *Department of Finance* v. *Goldberg,* 370 Ill. 578, 587; *Department of Finance* v. *Gold,* 369 Ill. 497, 503-4.) Consequently, while appellant now contends that the questions before us are: "Whether Notice of Tax Liability was properly sent to the alleged taxpayer's 'last known address' within meaning of the Retailer's Occupation Tax Act" and "Whether it was arbitrary and reversible error for the trial court in the circumstances to refuse to remand for hearing or rehearing by the Department of Revenue," it is only the first of these which poses any real problem. It is true that the Retailers' Occupation Tax Act provides (Ill. Rev. Stat. 1967, chap. 120, par. 444) that following issuance of a final assessment the Department may, at any time prior to judgment upon the final assessment, grant a departmental review or an original hearing even though the taxpayer had not exercised his statutory right to a hearing and administrative review thereof. Since appellant had not

protested the deficiency assessment in this case, as he had in No. 40901, he now contends it was an abuse of the trial court's discretion to refuse to remand the case to the Department for hearing. The trial judge, however, had inquired of the Attorney General during the trial as to the Department's position with reference to such hearing and was informed that the Department was "opposed to it." Stating he did not want to perform a "useless or futile" act the trial judge denied the requested remand. We cannot say his action in doing so was so palpably arbitrary as to require reversal. See *Watson* v. *Civil Service Com. of the City of Springfield,* 28 Ill. App. 2d 424.

The sole remaining question is as to the sufficiency of the mailing of notice of tax liability. The Act provides (par. 451) : "Whenever notice is required by this Act such notice may be given by United States registered or certified mail, addressed to the person concerned, at his last known address, and proof of such mailing shall be sufficient for the purposes of this Act." The Department simultaneously mailed the Notice of Liability to appellant at three different addresses. Two of these three addresses had been listed on the forms originally used in applying for a registration number and each form bore the signature "William Pape", although one was signed by an agent. The third address was the Ashland Avenue liquor store at which appellant had been employed. Appellant denies receiving any of the notices; the return receipts were signed by persons other than appellant but who were known by him. We think, however, that the sufficiency of notice here is to be measured by the statutory requirement and the compliance therewith. The Act requires application for a registration number by retailers. The forms upon which application is made contain spaces for the business and residence addresses of the applicant. These were filled in on the forms signed by "William Pape". A number is then assigned each applicant and future monthly returns each bore the name and address as

originally given and a space for changes of address; on one occasion the Department inquired as to whether there had been a change of ownership and apparently was informed that there had not. Two of the addresses used in mailing the Notices of Tax Liability were those shown on applications signed by "William Pape". While appellant argues that "last known address" as used in the statute means one address and use of three constituted a departmental admission that it had no "last known address", it seems to us that this action may be more fairly characterized as a manifestation of the good faith with which the Department attempted to act in notifying the taxpayer of the departmental action. It is of some interest in this connection that the notices in No. 40901 were mailed to one of the addresses used here, and no complaint of nonreceipt of the notice or use of that address was made in that case.

In short, our opinion is that the Department is entirely justified in relying upon the information furnished it by the taxpayer and, in the absence of notice to the contrary, may mail notices to taxpayers at their "last known addresses" as revealed by such information. Here the monthly returns executed by taxpayers contain blanks in which the taxpayer is requested to insert information relating to changes of ownership or addresses. If he fails to furnish it, he cannot subsequently complain that the Department failed to use it. *Bergfeld* v. *Campbell* (5th cir.), 290 F.2d 475; *Gregory* v. *United States*, 57 F. Supp. 962, 973.

Since the only issue in this case is the propriety of the addresses to which the notice was mailed, the judgments of the circuit court must be affirmed.

*Judgments affirmed.*