JACK HALLECK, Plaintiff-Appellee, *v.* HARRY A. TRUMFIO, Defendant-Appellant.

First District (2nd Division) No. 79-1314

Opinion filed June 24, 1980.

Mitchell Leikin, of Chicago (Rick Allan White, of counsel), for appellant.

James T. Ryan and Michael P. Boyd, both of Greenberger, Krauss & Jacobs, Chartered, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The underlying litigation in this appeal involves a contractual dispute which was disposed of pursuant to an order for summary judgment entered on behalf of defendant, Harry A. Trumfio. More than 30 days after the entry of the judgment, the trial court vacated that order and set the case for trial. Trumfio appeals from this vacatur. The sole issue presented is whether the trial court had jurisdiction to vacate its summary judgment more than 30 days after its rendition.

Plaintiff, Jack Halleck, filed a third amended complaint on February 15, 1978, against Trumfio seeking rescission of a contract for the purchase by Halleck of stock in Tru-Phonics Sound, Inc., alleging fraudulent conduct on the part of Trumfio. After subsequent pleadings, Trumfio filed, on December 8, 1978, a "Petition to Enforce Settlement or in the Alternative for Summary Judgment on All Issues" alleging that the parties had orally agreed upon a settlement of the lawsuit. On February 22, 1979, the trial court granted Trumfio's petition, and on March 23, 1979, Trumfio filed a "Petition to Assess Expenses and Fees." Although Halleck asserts in his brief that Trumfio's attorneys were, in fact, personally served on March 23, 1979, with a copy of his "Motion for Reconsideration," such motion itself was not filed with the court until March 28, 1979. Both parties appeared in open court on this latter date, at which time hearings on both Trumfio's petition to assess expenses and fees and Halleck's motion for reconsideration were scheduled for May 9, 1979. The order of March 28, 1979, setting the hearing date for May 9, 1979, was apparently

prepared by Trumfio's attorney and recites that the court had "jurisdiction of the parties and the subject matter." On May 9, 1979, the hearing was continued until May 25, 1979, at which time Trumfio first argued that the trial court lacked subject matter jurisdiction to decide Halleck's motion for reconsideration since it had been filed 34 days after the entry of summary judgment. On May 25, 1979, the court vacated its earlier order of February 22, 1979, granting Trumfio summary judgment. This order of May 25, 1979, expressly noted that Trumfio had objected to the court's jurisdiction to vacate the order of February 22, 1979. Trumfio appeals from this order.

■■ Initially we consider Halleck's motion, filed with this court and which has been taken with the case, to dismiss the instant appeal for lack of jurisdiction. Halleck argues that the trial court's grant of his motion for reconsideration was not a final order and did not fall within any exceptions set forth in Supreme Court Rules 306 through 308 (Ill. Rev. Stat. 1977, ch. 110A, pars. 306-308) and is therefore not properly before this court on appeal. In support of this motion Halleck principally relies upon the case of *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918, where this court held that to have jurisdiction, the order appealed from "must finally fix, determine and dispose of the parties [*sic*] rights regarding issues in the suit so that, if affirmed, the trial court has only to proceed with the execution of the judgment." (*Gutenkauf*, at 873.) Halleck ignores the fact that the grant of his motion for reconsideration on May 25, 1979, vacated an order for summary judgment which had been granted to Trumfio on February 22, 1979. The court's order therefore in effect divested Trumfio of his earlier judgment. Since the order was entered more than 30 days after summary judgment had been granted to Trumfio, it was in the nature of a section 72 motion (Ill. Rev. Stat. 1977, ch. 110, par. 72; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774), and it appears that Trumfio was required, before a trial on the merits was conducted, to appeal from the court's order. (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102.) We find that this court has jurisdiction to hear the instant case and we now consider the dispositive issue of whether the trial court had jurisdiction to enter its May 25, 1979 order.

A motion filed more than 30 days after a judgment, seeking review of the order, is generally considered a motion pursuant to section 72 of the Civil Practice Act because after the expiration of 30 days, this is the sole remedy available to the party. (*Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 380 N.E.2d 959; *Wright v. Thompson* (1977), 50 Ill. App. 3d 149, 365 N.E.2d 556; *Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881, 289 N.E.2d 25.) Halleck argues that since he personally served Trumfio's attorneys with a copy of the motion for reconsideration within 30 days

from the entry of the February 22, 1979, order, his motion should be considered as meeting the requirements of sections 50(5) and 68.3 of the Civil Practice Act, which require that a motion to set aside a previous court order must be filed within 30 days. In *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621, our supreme court held that a post-trial motion filed more than 30 days after judgment had been rendered did not meet the requirements of sections 50(5) or 68.3. In discussing the motion, the court stated:

> "It was apparently considered as the type of post-judgment motion contemplated by sections 50(5) and 68.3(1) but, as such, fails to meet the requirement that it be filed within 30 days of the entry of judgment. Allowance of the motion to vacate the * * * dismissal and reinstate the case was clearly error. [Citations.]" (40 Ill. 2d 442, 450.).

Similarly, in *Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188, the supreme court held that filing a *notice*, without the attached motion, on the thirtieth day after entry of judgment was insufficient to sustain the court's jurisdiction under section 50(5), even when the party appeared before the trial court on the 31st day to argue said motion. It appears, therefore, that Halleck's motion did not meet the requirements of section 50(5) or 68.3 and consequently the motion must be considered, if at all, as being filed pursuant to section 72.

■■ A section 72 motion has two distinct requirements. The elements are that a meritorious defense exists and the parties have exercised due diligence. Both of these elements must be shown since the purpose of that proceeding is to "bring facts not appearing of record to the attention of the trial court which, if known to the court at the time the judgment was entered, would have prevented its rendition." (*American Reserve Corp. v. Holland* (1979), 80 Ill. App. 3d 638, 400 N.E.2d 102.) Halleck's "Motion for Reconsideration" fails to set forth any allegation which would warrant relief under section 72. The motion states, "It was error for this court to weigh the creditability [*sic*] of the affidavits filed by the plaintiff and the defendant and to find as a matter of fact that an oral settlement agreement had been entered into." It appears that the motion, if construed as a section 72 petition, inappropriately attempts "to relitigate that which had already been validly adjudicated." (*Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 294, 372 N.E.2d 902.) The sufficiency of a section 72 petition may be considered at any time to determine whether it is sufficient to state a claim. (*M. L. C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560; *De Jarnett v. Roseborough* (1968), 94 Ill. App. 2d 164, 236 N.E.2d 276.) Halleck's "Motion to Reconsider" fails to meet the requirements of section 72 and, as discussed previously, it was not filed within the statutory time period for consideration as a section 50(5) or

section 68.3 motion. Therefore, it appears that there was no statutory basis for the motion to be filed with the trial court at that time.

■■ Halleck, however, insists that his motion for reconsideration was appropriately considered because the trial court was revested with subject matter jurisdiction by Trumfio's participation in proceedings subsequent to the filing of said motion. It is true that under special circumstances, the parties may revest a trial court with jurisdiction after the passage of 30 days. The general rule is that a court loses the power to review its judgments after the passage of 30 days. However, consent of the parties has been held to revest the trial court with jurisdiction to alter, modify or set aside its judgment. (*Krotke v. Chicago, Rock Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 327 N.E.2d 212; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 256 N.E.2d 56.) For this revesting to occur it is essential that without objection the parties actively participate in further proceedings inconsistent with the prior order. (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527; *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042.) Trumfio raised his objections to the court's jurisdiction at the hearing on the motion for reconsideration; this is not active participation without objection. It is true that the orders of March 28, 1979, and May 9, 1979, continuing the hearing recited that the court had subject matter jurisdiction, but such orders also scheduled a hearing on Trumfio's own petition to assess expenses and fees. Trumfio did not file a separate answer to Halleck's motion for reconsideration but relied upon a document previously filed as a reply in the summary judgment proceeding. Therefore, it does not appear that Trumfio actively participated in *further* proceedings which would revest the trial court with jurisdiction. *Nenadic* would be applicable to the instant case. In that case the order which set a pretrial conference also set a hearing for a section 72 motion. The court stated that the party "was entitled to appear and resist the petition. To attach revesting consequences to defendant's presence under such circumstances ignores the practicalities of the situation." *Nenadic*, at 621.

For the foregoing reasons, we reverse the order of the circuit court of Cook County which vacated the summary judgment order previously entered in favor of Trumfio on February 22, 1979.

Reversed.

STAMOS and HARTMAN, JJ., concur.