THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, v. ALONZO JONES, d/b/a Red's Liquor Mart, Defendant-Appellee.

First District (4th Division) No. 85—1167

Opinion filed March 20, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Kathryn A. Spalding, Assistant Attorney General, of Chicago, of counsel), for appellant.

Wilson Frost, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Pursuant to the administrative procedures provided for in the Revenue Act (Ill. Rev. Stat. 1975, ch. 120, par. 482 *et seq.*), the defendant, Alonzo Jones, Sr., d/b/a Red's Liquor Mart, was found to be responsible for sales taxes in the amount of $19,325.86, for the period of July 1, 1973, through February 28, 1975. When the Department of Revenue sought to have a judgment entered on this finding in the circuit court of Cook County, Alonzo Jones, Sr., defended on the basis that he was not the owner of Red's Liquor Mart during the time period in question and that he did not receive notice. The Department contends on appeal that appropriate notice was given to the defendant and that the defense that he did not own the business was not available to Alonzo Jones, Sr., because he did not appeal the administrative finding as required under the Administrative Review Act (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.,* formerly Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) Further, the Department contends that the evidence failed to prove the defendant's defense that he was not the owner. After a bench trial, the trial court found that in "equity" Alonzo Jones, Sr.,

was not the owner of Red's Liquor Mart during the period at issue and thus entered judgment in his favor. The Department brings this appeal.

The Illinois Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*) imposes a State tax on persons for the privilege of selling at retail. (*United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446, 450, 419 N.E.2d 899.) Similarly, the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 24, par. 8—11—1) imposes a tax for the benefit of the community in which the retailer operates. The responsibility for collecting these taxes rests upon the retailer. (*Superior Coal Co. v. Department of Revenue* (1954), 4 Ill. 2d 459, 465, 123 N.E.2d 713.) The retailer is required to remit the amount of the tax due, less a statutory amount to reimburse the retailer for bookkeeping costs. (Ill. Rev. Stat. 1975, ch. 120, par. 442.) If a person engaged in the business of selling tangible personal property at retail fails to file a return, then the Department is required to determine the amount of the tax due according to its best judgment. The amount fixed by the Department is *prima facie* correct. (Ill. Rev. Stat. 1975, ch. 120, par. 444.) The Department then issues the taxpayer a notice of tax liability in the amount of the tax determined to be due.

In the instant case "Alonzo Jones," with no designation as to Jr. or Sr., applied for and received a certificate of registration and a registration number. This number was used on all returns throughout the liability period. The returns filed during this period do not indicate a change of ownership.

The Department determined that there was a tax liability from July 1, 1973, through February 28, 1975, a total amount of $19,325.86. Contrary to the defendant's contention that he did not receive notice of tax liability, the record shows that a notice of tax liability was mailed by certified mail on September 30, 1976, and that it was addressed to "Alonzo Jones" at 6926 South Stony Island Avenue. The receipt shows that the letter was accepted on October 2, 1976, by Alonzo Jones, Jr.

The Act further provides that within 20 days after such notice a party may protest a notice of tax liability and request a hearing. If no hearing is requested within 20 days such notice of tax liability is a final assessment. (Ill. Rev. Stat. 1975, ch. 120, par. 444.) Judicial review of the final assessment may be had under the Administrative Review Act. (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) No review was requested in this case. Accordingly, the Department brought this suit to recover the amount of the tax. (Ill. Rev. Stat. 1975, ch. 120, par. 444.) The first issue raised by the Department arises at this juncture, at the end of the administrative procedures and after the expiration of the time to seek judicial review under the Administrative Review Act.

The Department contends that once the assessment becomes final, the amount of liability and more generally, any issue of law or fact concerning the retailer's liability, cannot be questioned. This contention is correct. The Illinois Supreme Court has consistently held that "if a proceeding is not brought under the Administrative Review Act for judicial review of the Department's final assessment the assessment will be conclusive as to all questions affecting its merits. A defense as to the merits of the case must be raised through administrative review or will be considered waived." *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, 220, 311 N.E.2d 691.

Notwithstanding the clear mandate of the law, the defendant argues that when the Department sought to reduce the administrative finding to a judgment in the circuit court he was entitled to raise the defense that he was not the owner of Red's Liquor Mart because he did not receive adequate notice of his tax liability. We believe the contrary is true. Notice was given according to the statute by mailing the notice by certified mail to the defendant's last known address listed in the application for certificate of registration. (Ill. Rev. Stat. 1975, ch. 120, par. 451.) Furthermore, the tax returns filed during the contested period do not indicate any change in ownership. The forms were signed by "Alonzo Jones," which is exactly the way the application for certificate of registration was applied for and received. The Illinois Supreme Court in the case of *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621, addressed the issue of notice and stated that the Department is entirely justified in relying upon the information furnished by the taxpayer and, in the absence of notice to the contrary, may mail notice to the taxpayer at his or her last known address as revealed by such information. It should be noted that in *Pape,* the taxpayers' contention as to notice was raised directly in an administrative review hearing. Here, we are removed from that situation because the defendant allowed the assessment to become final without seeking administrative review.

Since the administrative assessment was final and the record reflects that the defendant received proper notice under the statute, the trial court erred in considering the defendant's defense that he was not the owner during the liability period in question. Accordingly, the judgment of the circuit court is reversed.

Reversed.

LINN, P.J., and McMORROW, J., concur.