THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, v. ENRICO NAVARROLI, as responsible corporate officer of Navarroli Construction Company, Defendant-Appellee.

Second District   No. 2—87—0777

Opinion filed May 23, 1988.

356

INGLIS, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Michael J. Goldrick, Assistant Attorney General, of Chicago, of counsel), for appellant.

Howard M. Turner, of Chicago, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

On January 16, 1986, the Illinois Department of Revenue (Department) filed its complaint against Enrico (aka Enricco) Navarroli as responsible officer of Navarroli Construction Company (defendant) for $7,907.49 in unpaid tax, penalties and accrued interest. The trial court granted defendant's motion to dismiss for the Department's failure to give defendant proper notice and demand of tax liability pursuant to statute. The Department appeals. We reverse and remand.

During the tax years 1981 and 1982, defendant was an officer of the Navarroli Construction Company. The record is not consistent as to whether the company was a corporation. In its complaint, the Department alleges that the Navarroli Construction Company failed to collect and pay over to the Department income tax withheld from employee wages. The complaint further alleges that defendant violated section 1002(d) of the Illinois Income Tax Act (Act) (Ill. Rev. Stat. 1983, ch. 120, par. 10—1002(d)) by willfully failing to collect the tax and to truthfully account and pay over the tax to the Department. The Department assessed a penalty against defendant individually for the first through fourth quarters of 1981 and the second and third quarters of 1982. The penalty is equal to the total amount of the tax not paid by the corporation.

On December 18, 1984, the Department sent a notice and demand letter to "Enrico Navarrol [sic], Responsible Officer of Navarroli Construction Co., Inc., 33 Devonshire, Oak Brook, Illinois 60525." This address was the business address of Navarroli Construction Company when the returns in question were filed. However, in December 1984,

it was neither the usual place of business of Enrico Navarroli nor his residence. Payment was not made within 10 days of the demand. Separate notice and demand was sent on April 11, 1985; however, that notice and demand was not pleaded in the Department's complaint.

On January 16, 1986, the Department filed its verified complaint. After four unsuccessful attempts at service at 405 Jamestown, Westmont, Illinois,. defendant was finally served at 705 Oakwood Drive, Westmont, Illinois. On April 24, 1987, defendant filed a motion to dismiss the Department's complaint alleging that the Department failed to serve defendant with notice and demand pursuant to section 902(a) of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 9—902(a)). Prior to the hearing on the motion, defendant's counsel sought to have the matter remanded to the Department for a hearing since defendant had never been given an opportunity to be heard on the merits of the charge. The Department declined, and the matter was set for hearing on defendant's motion. At that hearing, the Department agreed to rely only upon the December 18, 1984, notice and demand and not upon the second notice and demand mailed on April 11, 1985. The Department took this position despite defendant's representation that he had no objection to the Department pleading over if it wanted to allege the second notice. The court subsequently determined that the first notice was inadequate, and the Department declined the court's invitation allowing it to replead. After advising the Department that its order would be final, the trial court granted defendant's motion to dismiss. This appeal followed.

As a preliminary matter, we observe that the second notice and demand mailed on April 11, 1985, is not before this court for consideration. The Department elected to stand on the first notice at the hearing on the motion to dismiss. In addition, at the conclusion of the hearing, the Department did not accept the opportunity offered by the court to replead to include the second notice. The Department should not be allowed to raise on appeal an issue clearly waived before the trial judge, and any references to the second notice are not considered.

Thus, the sole issue before this court is whether the Department properly notified defendant of his tax liability on December 18, 1984, by sending notice and demand to defendant at his last known address. The Department argues that the notice and demand served on defendant at the address listed on the 1982 tax form filed by Navarroli Construction Company was sufficient. We agree.

The pertinent notice requirements are set forth in sections 902(a) and 905(j) of the Act (Ill. Rev. Stat. 1983, ch. 120, pars. 9—902(a), 9—

905(j)). Section 902(a) provides:

"Except as provided in subsection (b) the Director shall, as soon as practicable after an amount payable under this Act is deemed assessed (as provided in Section 903), give notice to *each person liable for any unpaid portion of such assessment,* stating the amount unpaid and demanding payment thereof. Upon receipt of such notice there shall be paid at the place and time stated in such notice the amount stated in such notice. Such notice shall be left at the dwelling or usual place of business of *such person* or shall be sent by mail to *the person's last known address.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 120, par. 9—902(a).)

Section 905(j) provides:

"In the case of returns required under Article 7 of this Act (with respect to any amounts withheld as tax or any amounts required to have been withheld as tax) a notice of deficiency shall be issued not later than 3 years after the 15th day of the 4th month following the close of the calendar year in which such withholding was required." Ill. Rev. Stat. 1983, ch. 120, par. 9—905(j).

In arguing that notice to the last known address of Navarroli Construction Company was sufficient notice to defendant pursuant to the Act, the Department cites *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621, and *Department of Revenue v. Jones* (1986), 141 Ill. App. 3d 968, 491 N.E.2d 117. The *Pape* court addressed the sufficiency of notice pursuant to section 451 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1967, ch. 120, par. 451). That provision, not unlike the notice provision in the instant case, required that notice of tax liability be given to the person concerned at his last known address. The Department mailed the defendant notice of his tax liability to three different addresses. Two of these addresses were given as residence addresses on applications for registration filed with the Department. The third address belonged to the defendant's former employer. In holding the Department's service of notice sufficient, the court characterized the Department's action of sending notice to three different addresses as a manifestation of the Department's good faith. The court further held that the Department was justified in relying upon information furnished to it by the taxpayer and, in the absence of notice to the contrary, may mail notices to taxpayers at their last known addresses as revealed by such information. *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621; *Department of Revenue v. Jones* (1986), 141 Ill. App. 3d 968, 491

N.E.2d 117 (notice of tax liability sent to the defendant at the address listed as his own on his application for registration filed with the Department was sufficient pursuant to section 451).

■■ The result in this case is controlled by our supreme court's holding in *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621. In *Pape,* the court found that the Department had complied with the statute when it sent notices to the addresses listed by the taxpayer in its application for an ROT registration number. This address was the last one *known* to the Department. The court said, "In short, our opinion is that the Department is entirely justified in relying upon the information *furnished it by the taxpayer* and, *in the absence of notice to the contrary,* may mail notices to taxpayers at their 'last known addresses' as revealed by such information." (Emphasis added.) 40 Ill. 2d at 452, 240 N.E.2d at 627.

The record discloses that defendant Enrico Navarroli made a sworn representation on Form IL-941 entitled "Quarterly Illinois Withholding Tax Return" dated June 30, 1982, that he had "examined this return" and declared that it was "true, correct and complete." The return listed the "mailing address" of the taxpayer as "33 Devonshire, Oak Brook, IL 60521."

Based upon the declaration of Enrico Navarroli as the officer responsible, the Department sent its correspondence to the address he last furnished the Department as evidenced by the Form IL-941. Defendant apparently changed his address without notice to the Department. Having failed to so notify the Department of the change of address as is his burden under *Pape,* defendant-taxpayer cannot complain of the Department's mailing notices to his last address known to the Department.

■■ ■ In construing statutes relating to the collection of taxes, the policy of our supreme court has been to give the statutes a commonsense meaning so as to avoid making collection difficult or impossible. (*Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 369 N.E.2d 1279; *People ex rel. Nash v. Chicago & Northwestern Ry. Co.* (1935), 359 Ill. 435, 194 N.E. 560.) Defendant's effort to shift the burden to the Department to somehow ascertain the new addresses of taxpayers who have moved would impose an unreasonable financial burden on all the taxpayers of this State. The cost of investigative services to ascertain current addresses for the purpose of serving notices could be staggering. The reasoning of *Pape* and *Jones* properly imposes the burden on the taxpayer, the person liable for the taxes or assessments, for notifying the Department of a change of address. Perhaps, it is for this reason that the statute uses

the phrase "last known address" since the legislature may have contemplated that the Department would not always know a taxpayer's current address. If the legislature had intended that notices to a taxpayer or person liable for taxes must be to the taxpayer's "current" address, it easily could have so provided.

The judgment of the circuit court of Du Page County is reversed and the cause remanded.

Reversed and remanded.

NASH, J., concurs.

JUSTICE INGLIS, dissenting:

I respectfully dissent from the opinion of the majority, which endangers our valued right of due process and notice.

In my opinion, the decisions of *Pape* and *Jones* do not control the case before us. In both cases, notice was sent to the last known address listed as *belonging to the party against whom the tax liability was being assessed.* (See *Pape*, 40 Ill. 2d at 451; *Jones*, 141 Ill. App. 3d at 969.) However, in the instant case, notice was *not* sent to *defendant's* last known address, but rather to the last known address of the *Navarroli Construction Company.* The statutory provision before us clearly requires sending "notice to *each person* liable," and further provides that "notice shall be left at the dwelling or usual place of business of *such person* or shall be sent by mail to *the person's last known address.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 120, par. 9—902(a).) The majority does not distinguish between the taxpayer, Navarroli Construction Company, and defendant individually. Rather, the majority simply refers, without explanation, to *defendant as the taxpayer.* There is no support in the record for such a conclusion. The majority states that "[t]he record is not consistent as to whether the company was a corporation" (170 Ill. App. 3d at 356); however, it is clear that defendant is being sued as "responsible corporate officer." In my view, sending notice to the last known address of the primary obligor is insufficient as notice to a third party against whom the tax penalty is being assessed. In my analysis, I believe it is important to keep in mind that the "last known address" used by the Department belonged to the Navarroli Construction Company and was listed on a tax return filed by that business. It was not defendant's return and, more importantly, did not contain an address purporting to belong to defendant.

I am mindful of the Department's argument that notice to the

Navarroli Construction Company constitutes notice to the defendant officer. For support, the Department cites *People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115. However, in that case, the Department pierced the corporate taxpayer's veil under the "alter-ego" theory and concluded that since the corporation was the "alter-ego" of the individual, notice to the corporation was notice to the individual as well. (50 Ill. 2d at 128-29.) In the instant action, the Department does not allege and the record does not support any theory that the Navarroli Construction Company is the alter ego of defendant.

As a practical matter, given the majority's conclusion that notice to the "last known address" of the *Navarroli Construction Company* is sufficient under the Act to constitute notice to *defendant*, I am constrained to briefly touch on what I consider "last known address" to mean. The Act does not define "last known address." (See Ill. Rev. Stat. 1983, ch. 120, par. 1—101 *et seq.*) However, other statutory provisions are instructive. For example, section 802(F) of the Self-Service Storage Facility Act (Ill. Rev. Stat. 1985, ch. 114, par. 802(F)) defines "last known address" as "that address provided by the occupant in the latest rental agreement." In the case before us, there is neither an allegation nor support in the record that the address used was the *latest* address in the Department's records for defendant. Similarly, our supreme court has provided in Supreme Court Rule 13(c)(2) (107 Ill. 2d R. 13(c)(2)) that an attorney may withdraw from a case after giving notice to the party he represents at that party's last known *business or residence* address. I draw from this rule that there is a distinction between a last known business and a last known residential address and further conclude that "last known address" does not automatically include both. Thus, had defendant listed his own address in addition to the address of the Navarroli Construction Company on the tax return used by the Department, service to *defendant's* address would be proper under the Act.

My point is simply this: while the Department may rely on information provided by the taxpayer in determining the taxpayer's "last known address," the Department cannot passively use that address to serve a third party against whom liability is being assessed. At the very least, the Department must exercise some diligence in determining the "last known address" of the party against whom it is assessing liability. The purpose of notice is to give all parties an opportunity to support or oppose a matter at issue. (*Kleidon v. City of Hickory Hills* (1983), 120 Ill. App. 3d 1043, 1048.) The burden of proving notice is on the party charging it. (*Buford v. Chicago Housing Authority* (1985), 131 Ill. App. 3d 235, 246.) The Department has failed to show

that the address selected was defendant's "last known address." Rather, it does nothing more than show that it was the address of Navarroli Construction Company on June 30, 1982, 2½ years prior to the time notice was purportedly given to defendant. Without more, it is a dangerous precedent to hold that the "last known address" of an officer or employee of a business entity is the business address of that entity. The Department seeks personal liability and should be required to give notice to the *person's* last known address as reflected by some reasonable determination at the time the notice was given. There is evidence in the record to indicate that defendant's address was discoverable; thus the Department's reliance on a 2½-year-old business address was unreasonable. To decide otherwise would do damage to our important concept of due process.

Accordingly, I would affirm the decision of the circuit court of Du Page County.