THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, *v.* HARTIGAN'S FINER FOODS, INC., Defendant (Bernard W. Hartigan *et al.*, Defendants-Appellees).

First District (1st Division)   No. 83—1797

Opinion filed March 26, 1984.—Rehearing denied May 7, 1984.

Neil F. Hartigan, Attorney General, of Chicago (David H. Peltz and Richard L. Ryan, Assistant Attorneys General, of counsel), for appellant.

Raymond P. Carroll, of Chicago, for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:
The Department of Revenue of the State of Illinois (plaintiff)

brought this suit against Hartigan's Finer Foods, Inc., an Illinois corporation (corporation), and Bernard W. Hartigan and Patrick J. Hartigan (defendants), president and vice-president respectively of the corporation. Plaintiff sought judgments for recovery of unpaid retailers' occupation taxes for May of 1978 through and including May of 1980. On February 18, 1983, the trial judge entered judgment on count I against the corporation for $97,705.09 for taxes, penalties and interest accruing to the date of entry. On count II, pertaining to the individual liability of the defendants, the trial judge entered judgment on June 28, 1983, in favor of the defendants. Plaintiff has appealed.

The individual defendants operated a small grocery store in an outlying area. Commencing in September 1977, retailers' occupation tax returns were prepared, executed and filed by the defendants in behalf of the corporation. These returns were prepared by an accountant in accordance with daily records furnished by defendants. The necessary taxes were not paid in accordance with the law. In certain cases the returns were not filed, checks were given to the plaintiff without sufficient funds; late payment penalties were incurred and in some cases no returns were filed. Due notices of these deficiencies were sent to the corporation by plaintiff. On May 13, 1980, the corporation went out of business. It was dissolved in December of 1980.

Count II of plaintiff's complaint sought to impose liability against the defendants on the theory that these individual defendants had complete control, supervision and responsibility for the filing of returns and that they had wilfully failed to file the returns and make the necessary payments. The pertinent statute provides (Ill. Rev. Stat. 1983, ch. 120, par. 452½):

> "Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who *wilfully* fails to file such return or to make such payment to the Department shall be personally liable for such amounts, including interest and penalties thereon, in the event that after proper proceedings for the collection of such amounts, as provided in said Act, such corporation is unable to pay such amounts to the department; and the personal liability of such officers or employees as provided herein shall survive the dissolution of the corporation." (Emphasis added.)

At the trial on count II, defendants testified they were the majority shareholders of the corporation. They were responsible for the management, control and direction of the business. Defendants were

aware of the duty of the corporation to file returns and pay taxes collected from their customers.

Defendants also testified, and it is undisputed, that the corporation in fact collected taxes from its retail customers. But, during that time, only part of the taxes thus collected were paid over to the plaintiff. Defendants testified they had made the decision to collect the tax moneys and then used these funds to pay suppliers with the hope of obtaining funds to pay the taxes. Defendants admitted they had attempted to stay in business by paying their suppliers instead of paying taxes. Defendants admitted they "made a conscious decision between May of 1978 and May of 1980 to use some of the sales tax collected to pay other creditors" of the corporation.

One of the defendants admitted he had sent the plaintiff a check which was returned by the bank because of insufficient funds. However, he testified that there actually were sufficient funds in the bank when the check was signed and mailed to plaintiff. This testimony was not rebutted by plaintiff.

In our opinion there are three pertinent authorities which we are required to consider:

In *People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 277 N.E.2d 844, suit was brought to recover over $1 million in taxes which had been retained by the defendants after operation of a number of liquor stores. The individual defendants forged the name of one of their employees as part of a "contrived subterfuge to evade the liability for the tax." (50 Ill. 2d 115, 130.) Defendants failed to remit taxes due but kept these funds commingled as their own and used the money to acquire and improve other real estate. The supreme court referred to this money as "fraudulently retained tax funds" (50 Ill. 2d 115, 132), and the conduct as "fraudulent withholding of tax funds" (50 Ill. 2d 115, 133). The court concluded the conduct of the defendants was fraudulent and wilful and was therefore a violation of the pertinent statute. In our opinion, the facts in *Pintozzi* portray a situation which is undoubtedly wilful and is far more reprehensible than in the instant case.

In *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 369 N.E.2d 1279, the supreme court defined the word "wilful." The defendant there arbitrarily told his bookkeeper to treat 50% of the gross receipts from the business as sales for resale so as to avoid the tax thereon. Defendant did this despite long years of business experience. (68 Ill. 2d 568, 572.) The supreme court referred to this conduct as a "voluntary, conscious and intentional failure" to comply with the law. (68 Ill. 2d 568, 576.) The court also referred to

the Federal cases which have been cited by plaintiff in the case before us. (*Newsome v. United States* (5th Cir. 1970), 431 F.2d 742; *Monday v. United States* (7th Cir. 1970), 421 F.2d 1210, *cert. denied* (1970), 400 U.S. 821, 27 L. Ed. 2d 48, 91 S. Ct. 38; and *White v. United States* (U.S. Ct. Clms. 1967), 372 F.2d 513.) The supreme court then defined "wilful" and classified the concept as an issue of fact as follows (*Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 577):

"It is our opinion that a voluntary, conscious and intentional failure satisfies the requirements of 'wilfully fail,' as those words are used in this particular act. Whether an employee or officer knowingly, voluntarily and intentionally fails to make this payment is an issue of fact to be determined by the trier of the fact on the basis of the circumstances and evidence adduced in the particular case. Here there was ample evidence to justify a finding that the defendant wilfully failed in his statutory obligation."

The remaining authority is *Department of Revenue v. Marion Sopko, Inc.* (1980), 84 Ill. App. 3d 953, 406 N.E.2d 188, *appeal denied* (1980), 81 Ill. 2d 590. That case cited *Bublick* and approved a finding by the trial court that "there was no evidence demonstrating that the defendant consciously, voluntarily, intentionally, knowingly or recklessly failed to make the appropriate retailers' occupation tax payments." (*Department of Revenue v. Marion Sopko, Inc.* (1980), 84 Ill. App. 3d 953, 955.) The court also approved a trial court finding that there was "no intentional plan to underreport the receipts of the business and that there was, in fact, no evidence establishing the cause of the deficiency." (84 Ill. App. 3d 953, 956.) This court therefore held there was no wilful misconduct. 84 Ill. App. 3d 953, 956-57.

Predicated upon these authorities, it is clear that the issue here is one of fact for determination by the trial court. Defendants filed sworn answers to interrogatories in which they stated that the debts of the business were "paid in as best a manner to keep the business solvent ***." It is apparent from the testimony, as pointed out by the able trial judge, that the defendants were obliged to pay their suppliers promptly in order to continue in business. Eventually defendants lost their business and were forced into receivership. Defendants anticipated reduction of the corporate tax deficit by payments from the receiver but that never materialized. No contrary testimony was offered by plaintiff.

■ The trial court also correctly pointed out that mere nonpayment of taxes does not constitute a wilful failure or refusal to pay the

tax but that the word "wilful" requires "deliberate action." After hearing the testimony of both of the individuals involved and after observing these witnesses, the trial court properly concluded that there was a failure on the part of the corporation and of the individuals to pay the taxes as they came due but that there was no evidence of wilful refusal.

The able trial judge also pointed out that no facts were set out in plaintiff's complaint to allege wilful misconduct. On the contrary, plaintiff's complaint alleges a pure conclusion to the effect that the individual defendants "did wilfully fail to file returns and/or tender payment of taxes ***." The trial judge also cited *Bublick* and correctly differentiated it from the case at bar.

■■ ■ As a reviewing court, we may not interfere with findings of fact of the trial court unless we can conclude that these findings are against the manifest weight of the evidence. It is basic and fundamental that the trial judge is always in a superior position to hear the evidence and to determine its weight as well as the credibility of the witnesses. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 110, 382 N.E.2d 1205, citing *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624.) We cannot conclude that the result reached by the trial court is contrary to the manifest weight of the evidence.

■■ One additional matter requires attention. The brief filed for defendants as appellees attempts to raise an issue regarding the amount of taxes due from the corporate defendant. The notice of appeal filed by plaintiff was directed solely to the subsequent judgment entered on June 28, 1983, on count II. No notice of appeal was ever filed by the corporate defendant regarding the entry of the judgment against it.

Plaintiff has made a motion to strike those portions of defendants' brief which attempt to raise this point. That motion proceeded on the theory that no cross-appeal was filed by the corporation in connection with the within appeal. We have taken that motion with the case. In our opinion, the motion is legally sound. Accordingly, the motion of plaintiff is allowed, and those portions of the appellees' brief which deal with the amount of tax liability herein are stricken. See *Puleo v. Department of Revenue* (1983), 117 Ill. App. 3d 260, 453 N.E.2d 48.

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.