THE DEPARTMENT OF REVENUE, Plaintiff-Appellant, *v.* HEARTLAND INVESTMENTS, INC., d/b/a The Poison Apple, Defendant (Peter S. Vermeil, Defendant-Appellee).

Third District   No. 3—83—0430

Opinion filed May 16, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn Spalding and Edward M. Kay, Assistant Attorneys General, of counsel), for appellant.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This suit was brought by the plaintiff, the Illinois Department of Revenue, for the collection of unpaid Retailer's Occupation Taxes of the corporate defendant, Heartland Investments Inc., d/b/a The Poison Apple. The plaintiff also sought recovery from the defendant corporation's president, defendant Peter S. Vermeil, under section 13½ of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 452½) which provides for the individual liability of a corporate officer in the event the corporation is unable to pay its tax liability.

The circuit court of Peoria County entered a default judgment against the defendant corporation in the amount of $7,641.67 consisting of taxes, interest and penalties and upon cross motions for summary judgment, the court entered judgment in favor of the individual defendant.

The corporate defendant operated a discotheque and restaurant known as the Poison Apple in Peoria, Illinois. Vermeil was the president and chief operating officer of the corporation and, as such, was responsible for filing the returns and making the tax payments under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) for the defendant corporation.

During the period of May 1980 through August 1980, Vermeil, on behalf of the corporation, filed monthly returns under the act showing a total tax liability of $4,086.06. Payment of these taxes was not made when the returns were filed.

In December of 1980, the corporation executed a "Taxpayer Payment Proposal" wherein it agreed to pay $4,161.72 over a period of six months in order to pay off its previous tax liability plus interest and penalties. During 1981, the corporation paid a total of $1,364.21 toward this tax liability, being unable to pay the remaining portion due because its savings account had been depleted by bank setoffs.

The corporation continued to file its returns under the act through April of 1981. No returns were filed for the period of May 1981 through August 1981. Subsequently the plaintiff issued its notice of tax liability to the corporation for this period in the amount of $3,892.40 consisting of taxes, interest and penalties. The corporation neither protested this liability nor paid the amount claimed due by the plaintiff.

In September of 1981, the corporation advised the plaintiff that its business had been discontinued and on December 1, 1981, the corporation was dissolved. Vermeil has claimed that the discotheque had actually discontinued business on January 31, 1981.

The plaintiff requests that we review the trial court's granting of summary judgment in favor of the defendant, Vermeil, in the following respects: (1) whether Vermeil, as president of the defendant corporation, is liable for the corporation's tax liabilities under the Retailers' Occupation Tax Act for the period of May 1980 through August 1980 pursuant to the provisions set forth in section 13½ of that act and (2) whether a genuine issue of material fact exists as to the corporation's tax liability under the act for the period of May 1981 through August 1981 precluding the entry of summary judgment in favor of Vermeil.

The Retailers' Occupation Tax Act imposes a tax upon persons or business entities engaged in the retail sale of tangible personal property (Ill. Rev. Stat. 1979, ch. 120, par. 441). The act requires that a monthly statement be filed along with the payment of tax due for such month (Ill. Rev. Stat. 1979, ch. 120, par. 442).

■ In the event a corporate retailer is unable to meet its tax obligation under the act, section 13½ thereof imposes individual liability for the payment of such tax obligation plus interest and penalties upon any officer or employee of the corporation who has control, supervision or the responsibility of filing returns and making payments of the corporate tax liability and who wilfully fails to file said returns or to make the tax payments due.

There is no dispute that Vermeil as president of the corporation was responsible for the filing of returns and the payment of taxes under the act and that the corporation is presently unable to pay the tax liability due the plaintiff. The question remains whether Vermeil wilfully failed to make such tax payments for 1980.

We believe that his conduct does constitute a wilful failure to pay the tax due in 1980 within the meaning of section 13½ of the act. A voluntary, conscious and intentional failure satisfies the requirements of "wilfully fails" under section 13½ of the act. *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 369 N.E.2d 1279.

The court stated in *Bublick* that the reason underlying section 13½ was obvious, the avoidance of a situation where the corporate officers would choose to pay its other corporate obligations before paying its liability to the State under the Retailers' Occupation Tax Act. Responsibility has to be maintained for the stewardship of funds collected from the public for the State.

Contrary to Vermeil's assertion that his nonpayment of the corporation's tax liability was not wilful because under the "Taxpayer Payment Proposal" in 1981 the corporation's funds were depleted by involuntary bank setoffs, the appropriate time period to assess his wilfulness is in 1980 when the tax payments were originally due. Vermeil admitted that in May of 1980 through August of 1980 the corporation's creditors were paid by him voluntarily, thus making it difficult to meet the corporation's tax obligation to the plaintiff. This conscious disregard of his duty to the State constitutes wilful behavior and subjects him to liability under section 13½ of the act.

■ As for the plaintiff's claim of a corporate tax liability in 1981 and a resulting liability against Vermeil under section 13½ of the act, we find that a genuine issue of material fact exists as to when the

corporation actually discontinued business thus precluding summary judgment in favor of Vermeil. Even in a situation when cross motions for summary judgment have been filed, a reviewing court has the power to reverse a summary judgment order if the record indicates that a material issue of fact does exist. (*Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 380 N.E.2d 1040.) Such is the case here.

Accordingly for the reasons set forth above, the judgment of the circuit court of Peoria County in favor of the individual defendant is reversed and the case is remanded with directions to enter judgment in favor of the plaintiff as to the individual defendant's liability for the 1980 corporate tax liability under the act and for a hearing relative to the individual defendant's liability for the 1981 taxes claimed due by the plaintiff.

Judgment reversed in part and remanded.

BARRY and SCOTT, JJ., concur.