(No. 60289.—

(No. 60298.—

THE DEPARTMENT OF REVENUE, Appellee, v. HEARTLAND INVESTMENTS, INC., *et al.* (Peter S. Vermeil, Appellant).—THE DEPARTMENT OF REVENUE, Appellant, v. HARTIGAN'S FINER FOODS, INC., *et al.*, Appellees.

*Opinion filed March 22, 1985.*

22

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellee.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellant.

Raymond P. Carrol, of Chicago, for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, the Department of Revenue of the State of Illinois (Department), instituted each of the actions involved in this consolidated appeal, by filing a complaint for the collection of unpaid retailers' occupation taxes (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) In cause No. 60289, filed in the circuit court of Peoria County, the

Department sought recovery of unpaid retailers' occupation taxes from Heartland Investments, Inc., d/b/a The Poison Apple. In a second count, the Department sought recovery, in the alternative, from defendant Peter S. Vermeil, the corporation's president, pursuant to section 13½ of the Retailers' Occupation Tax Act (Act), under which personal liability of a corporate officer can be imposed for wilful failure to pay such taxes (Ill. Rev. Stat. 1979, ch. 120, par. 452½). A two-count complaint was also filed in the circuit court of Cook County, in cause No. 60298, to recover unpaid retailers' occupation taxes from Hartigan's Finer Foods, Inc., or, alternatively, from defendants Bernard W. Hartigan and Patrick J. Hartigan, the corporation's president and vice-president, pursuant to section 13½ of the Act.

In cause No. 60289, the circuit court of Peoria County entered a default judgment against the corporate defendant for $7,641.67 plus statutory interest and costs. Following cross-motions for summary judgment on count II, regarding individual liability, the court granted defendant Vermeil's motion and accordingly entered judgment in his favor. The circuit court of Cook County, in cause No. 60298, entered judgment on the pleadings as to count I against the corporation for $97,705.09 and in favor of the individual defendants, after a bench trial, on count II. The Department appealed the decisions in both cases, regarding the personal liability of the corporate officers.

In cause No. 60289, the third district appellate court reversed the decision of the circuit court, finding the defendant Peter S. Vermeil personally liable for the unpaid 1980 retailers' occupation taxes. Further, the court remanded the cause for a hearing relative to Vermeil's liability for the 1981 retailers' occupation taxes. (124 Ill. App. 3d 28.) The first district appellate court, in cause No. 60298, on the other hand, affirmed the circuit court

decision in favor of individual defendants, Bernard W. Hartigan and Patrick J. Hartigan, finding no personal liability for the unpaid retailers' occupation taxes. 123 Ill. App. 3d 63.

We granted defendant Peter S. Vermeil's petition for leave to appeal (No. 60289). The Department's petition for leave to appeal (No. 60298) was also granted, and the causes have been consolidated for purposes of review.

Three issues are raised on appeal: (1) whether the actions of the individual defendants constitute wilful failure to make tax payments within the meaning of section 13½ of the Act; (2) whether a genuine issue of material fact exists in cause No. 60289, relative to the defendant's personal liability for 1981 retailers' occupation taxes; and (3) whether the Department must reprove the amount of corporate tax liability in its suit against an individual defendant, under section 13½ of the Act.

The record reveals the following facts. In cause No. 60289, the corporation, Heartland Investments, Inc., operated a discotheque and restaurant known as the "Poison Apple." Defendant Vermeil was the president and chief operating officer of the corporation. Further, defendant was responsible for filing returns and making payment of taxes imposed by section 3 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 442). The defendant filed such returns for May, June, July, and August of 1980, showing a total tax liability of $4,086.06. These returns indicate that retail sales were being made and taxes were being collected from customers. Nevertheless, the defendant failed to enclose tax payments with the May 1980 through August 1980 returns. Defendant Vermeil's affidavit filed in support of his motion for summary judgment indicates that funds were available during this period. These funds were insufficient, however, to make payments to both the Department and other suppliers and creditors. Therefore, the defendant stated, the other

creditors and suppliers were paid in an effort to keep the business operative.

The defendant executed a "Taxpayer Payment Proposal," with the Department, and on behalf of the corporation, on December 16, 1980. Under the terms of the proposal, the defendant made a down payment of $1,161.72 and agreed to make monthly payments of $500 for the following six months. Only two payments, totaling $202.49, were subsequently made.

Retailers' occupation tax returns were filed by the defendant through April of 1981. Retailers' occupation tax returns were not filed, nor were tax payments made, for May through August of 1981. Thereafter, the Department, pursuant to section 5 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 444), determined, according to its best judgment and information, the amount of retailers' occupation tax due for May through August of 1981. A "Notice of Tax Liability" for $3,982.40 was issued by the Department on February 2, 1982, and was received by the defendant. The liability was neither paid nor protested.

A Department employee was notified by the defendant, in September of 1981, that the business had been discontinued. The corporation was dissolved on December 1, 1981. The defendant maintains, however, that business was permanently discontinued on January 31, 1981. Thus, in his affidavit in support of his motion for summary judgment, the defendant stated that the corporation did not incur retailers' occupation tax liability during the period of May 1981 through August 1981, since no business was conducted at that time.

The factual background of cause No. 60298 manifests circumstances similar to those disclosed in cause No. 60289. The corporation, Hartigan's Finer Foods, Inc., operated a small retail grocery store. Defendants Bernard W. Hartigan and Patrick J. Hartigan main-

tained the sole control of the business and made all the decisions regarding the corporation. Both were responsible for the control, supervision and duty of filing returns and paying the taxes imposed on the corporation pursuant to the Retailers' Occupation Tax Act. The defendants did prepare and file retailers' occupation tax returns on behalf of the corporation from September 1977 through May 1980, showing a tax liability of $70,816.34 for this period. Only $4,561.11 in taxes was actually paid.

A trial was conducted as to the allegations of count II of the complaint, regarding the defendants' personal liability. The two defendants were called by the Department as adverse witnesses. Their testimony indicates that, during the relevant period, the corporation was making retail sales as well as collecting taxes on these sales, from customers. Both defendants admitted that all of these funds were not paid over to the State. Rather, the tax monies were utilized to pay suppliers in an attempt to stay in business. At the same time, the defendants acknowledged awareness of their responsibility to make monthly tax payments to the State. Business was discontinued on May 13, 1980, and the corporation was dissolved in December of 1980. The corporation did not have sufficient assets to pay the taxes due the State.

The Department seeks to impose personal liability on the defendants in each of these cases, pursuant to section 13½ of the Act, which provides:

"Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who *wilfully* fails to file such return or to make such payment to the Department shall be personally liable for such amounts, including interest and penalties thereon, in the event that after proper proceedings for the collection of such amounts, as provided in said Act, such corporation is unable to pay

such amounts to the department; and the personal liability of such officer or employee as provided herein shall survive the dissolution of the corporation." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 120, par. 452½.)

In *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 576, the court determined that the purpose of section 13½ is to provide "responsibility for the stewardship of the funds collected from the public for the State." In fact, the court posited the exact factual situation we are confronted with in the instant cases as the "obvious" reason for imposing individual tax liability on responsible officers. Specifically, the court stated:

"The corporate officers could employ the funds collected for the State to pay corporate obligations as well as salaries and bonuses to employees, and thus make recovery of the funds from a defunct corporation an impossibility." (68 Ill. 2d 568, 575-76.)

To suggest, as do the defendants in the instant cases, that the financial condition of a business and the demands of creditors are proper factors to consider in determining "wilfulness" ignores the purpose of section 13½.

The defendants argue that the Act imposes no responsibility on a retailer to segregate a portion of his gross receipts to provide for the payment of retailers' occupation taxes. As such, they maintain that the Act does not impose a trust or lien upon collected sales taxes. Thus, it is the defendants' position that the inability to fulfill the corporate retailer's retailers' occupation tax liability, because of the officer's voluntary use of the tax funds for payment of other corporate obligations, does not constitute a wilful failure to pay such taxes. We are not persuaded by this argument.

At the outset, it should be noted that section 3 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 442) imposes a

statutory duty upon the defendants to file monthly retailers' occupation tax returns and to remit the proper amount of tax due. Indeed, the defendants admitted their awareness of this statutory responsibility, as well as acknowledging the collection of taxes from their retail customers. "The retailer corporation having collected the money, the customary procedure would be to account for and make payment to the Department of Revenue." (*Department of Revenue v. Joseph Bublick & Sons* (1977), 68 Ill. 2d 568, 575.) Section 13½ of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 452½) imposes personal liability on a corporate officer where, as here, the officer fails to make such payment to the Department and it can be shown that the failure was wilful and the corporation is unable to pay the tax.

In a provision similar to section 13½, section 6672 of the Internal Revenue Code of 1954 (26 U.S.C. sec. 6672 (1982)) imposes personal liability on a corporate officer if he "willfully fails to collect *** or truthfully account for and pay over" a corporate employee's social security and Federal income withholding taxes. In *Bublick*, the court found that cases arising under section 6672 of the IRC provided guidance in determining the meaning of the "wilful failure" requirement of section 13½. A reading of such cases indicates that wilful failure to pay taxes has generally been defined as involving intentional, knowing and voluntary acts or, alternatively, reckless disregard for obvious or known risks. (See, *e.g.; Brown v. United States* (N.D. Ill. 1982), 552 F. Supp. 662, 664; *Barnett v. United States* (9th Cir. 1979), 594 F.2d 219, 222; *Bolding v. United States* (U.S. Ct. Cl. 1977), 565 F.2d 663, 672; *Monday v. United States* (7th Cir. 1970), 421 F.2d 1210, 1215, *cert. denied* (1970), 400 U.S. 821, 27 L. Ed. 2d 48, 91 S. Ct. 38; *White v. United States* (U.S. Ct. Cl. 1967), 372 F.2d 513, 521.) These Federal cases specifically find that according other corporate

creditors preferential treatment over governmental tax obligation constitutes wilful behavior. Further, they find that, in a civil action, wilful conduct does not require bad purpose or intent to defraud the government.

In light of these cases and the plain language of section 13½, the court in *Bublick* held that the wilful-failure requirement is satisfied with a showing of a "voluntary, conscious and intentional failure" to file retailers' occupation tax returns or make tax payments. (*Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 577.) In addition, the *Bublick* court found that such a determination "is an issue of fact to be determined by the trier of the fact on the basis of the circumstances and evidence adduced in the particular case." 68 Ill. 2d 568, 577.

The evidence presented in both cases now before this court indicates that each defendant was a corporate officer, responsible for filing retailers' occupation tax returns and making payment of the taxes imposed. In addition, the defendants were all making retail sales and collecting taxes from their customers. Thus, at the time tax payments were initially due, sufficient funds were available to satisfy the corporations' retailers' occupation tax liability. Nevertheless, each of the defendants chose to utilize these funds to pay other creditors.

A trial court's evidentiary finding is not to be disturbed unless it is against the manifest weight of the evidence. (*Dooley v. James A. Dooley Associates* (1982), 92 Ill. 2d 476, 489; *People v. Cheek* (1982), 93 Ill. 2d 82, 94.) We find that the evidence clearly supports a finding that the defendants, in each case now before this court, knowingly, voluntarily and intentionally failed to make required tax payments to the Department, in violation of their statutory obligation. Accordingly, we hold that the trial courts' evidentiary findings in both cases were against the manifest weight of the evidence. The Depart-

ment is entitled to judgment, as a matter of law, against defendants in both cases. As such, the appellate court judgment in cause No. 60298, affirming the judgment of the trial court as to count II must be reversed. The appellate court judgment in cause No. 60289, reversing the judgment of the trial court and imposing personal liability on defendant Vermeil for the 1980 taxes, is affirmed.

Further, we find that the appellate court, in cause No. 60289, correctly remanded the cause for a hearing regarding the defendant's personal liability for 1981 taxes. In an affidavit filed in support of his motion for summary judgment, defendant Vermeil stated that business was discontinued prior to May of 1981 and, therefore, his failure to file retailers' occupation tax returns or pay taxes was not wilful. Yet, the defendant did not notify the Department until September 1981 that the business had actually been discontinued. In addition, while the defendant claims that the business was permanently closed on January 31, 1981, returns were filed with the Department on behalf of the corporation through April of 1981. Further, in his answer to the Department's complaint, Vermeil admitted that he was responsible for filing retailers' occupation tax returns and making payment of taxes during the time relevant to the liability alleged in the complaint, which included the period of May 1981 through August 1981.

Only where there is no genuine issue of material fact should a motion for summary judgment be granted. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380.) An order granting summary judgment must be reversed by the reviewing court if it concludes that a material question of fact exists. (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393.) The record in cause No. 60289 demonstrates the existence of a genuine issue of material fact regarding the date when the corporation ceased operation of the business. Therefore, sum-

mary judgment was inappropriate regarding defendant Vermeil's liability for the period of May 1981 through August 1981.

Finally, the Department confronts the trial court's reference, in cause No. 60298, to the Department's failure to offer evidence as to the amount of tax owed by the individual defendants, Bernard and Patrick Hartigan, when ruling in their favor. In his brief before this court, defendant Vermeil attempts to apply this same rationale to the facts of his case by arguing that the Department must prove again the amount of tax for which he is liable. The Department maintains that it is not required to again prove the amount of tax liability of an individual defendant under section 13½ of the Act. We agree. The liability imposed upon an individual defendant, pursuant to section 13½, is derivative in nature. Only where the corporation has incurred retailers' occupation tax liability and is unable to pay such amounts to the Department may personal liability attach to a responsible officer or employee who has wilfully failed to file retailers' occupation tax returns or pay retailers' occupation taxes.

In cause No. 60298, the circuit court entered judgment on the pleadings against the corporation for $97,705.09, which included taxes, penalties and interest accruing to the date of entry. Defendants have admitted that the corporation had insufficient assets to satisfy this liability. Having held that the defendants wilfully failed to pay the taxes owed the Department, requirements for attachment of personal liability have been fulfilled. We reach the same conclusion in cause No. 60289 with regard to defendant Vermeil's personal liability for 1980 taxes.

For the reasons stated above, the judgment of the appellate court in cause No. 60289 is affirmed. The judgments of the appellate and circuit courts in cause No.

60298 are affirmed as to count I and reversed as to count II.

*60289 — Judgment affirmed.*
*60298 — Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*