157 Ill. App.3d 434 (1987)
510 N.E.2d 495
THE PEOPLE ex rel. DEPARTMENT OF REVENUE, Plaintiff-Appellee,
v.
NATIONAL LIQUORS EMPIRE, INC., et al., Defendants (Leroy Tintori, Defendant-Appellant).
Nos. 4-86-0391, 4-86-0392 cons.
Illinois Appellate Court  Fourth District.
Opinion filed June 24, 1987.
*435 Kevin P. Fitzgerald, of Thomson, Weintraub & Thompson, of Bloomington, for appellant.
Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Rita M. Novak, Assistant Attorneys General, of Chicago, of counsel), for appellee.
Affirmed in part, and reversed in part and remanded.
JUSTICE HEIPLE delivered the opinion of the court:
During the years 1972 through 1976, National Liquors Empire, Inc., and National Liquors Normal, Inc., were Illinois corporations engaged in the business of selling liquor at retail. The defendant, Leroy Tintori, was the president and principal shareholder of these corporations. After an audit of the corporations revealed a deficiency, the Illinois Department of Revenue (Department) issued final tax assessments against the corporations. When judicial review of the final assessments was not sought, the Department brought suit based on the final assessments for collection of the unpaid taxes under the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1979, ch. 120, par. 440 et seq.). Each complaint contained two counts. The first count sought recovery of the taxes from the respective corporations. The second count sought recovery from Mr. Tintori pursuant to section 13 1/2 of the Act, under which personal liability of a corporate officer can be imposed for wilful failure to pay such taxes. (Ill. Rev. Stat. 1979, ch. 120, par. 452 1/2) (current version at Ill. Rev. Stat. 1985, ch. 120, par. 452 1/2.) The instant appeal involves only those counts against Mr. Tintori.
In January 1985, the defendant filed a motion to dismiss the case as being barred by the time limitation imposed by an amended version of the Act and a motion to dismiss on the basis that the complaint against him failed to state a cause of action. The motions were denied. The Department then filed a motion for summary judgment. The motion was granted and this appeal follows.
 1 The defendant first argues on appeal that the court erred in failing to dismiss the action as being barred by the time limitation imposed by an amended version of the Act. At the time the complaints were filed against the defendant, the Act read as follows:

*436 "Sec. 13 1/2. Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who wilfully fails to file such a return or to make such payment to the Department shall be personally liable for such amounts, including interest and penalties thereon, in the event that after proper proceedings for the collection of such amounts, as provided in said Act, such corporation is unable to pay such amounts to the department; and the personal liability of such officer or employee as provided herein shall survive the dissolution of the corporation." (Ill. Rev. Stat. 1979, ch. 120, par. 452 1/2.)
As can be seen, there was no time limitation imposed on the Department for bringing suit when it did so against the defendant, but the following language was added and became effective on October 28, 1981:
"[H]owever, upon the expiration of 2 years after the date all proceedings in court for the review of any final or revised final assessments which constitute the basis of such liability have terminated or the time for the taking thereof has expired without such proceedings being instituted or upon the expiration of 2 years after the date any return is filed with the Department in cases where the return constitutes the basis of such liability, no officer or employee of the subject corporation shall be liable (except for such liability already reduced to judgment against such officer or employee) for any outstanding liability previously incurred prior to dissolution." Ill. Rev. Stat. 1981, ch. 120, par. 452 1/2. (Current version at Ill. Rev. Stat. 1985, ch. 120, par. 452 1/2.)
The defendant maintains that the above amendment should apply retroactively to bar the instant suit. The defendant's argument must fail. Assuming arguendo that the application of the amendment would have barred the Department's suit, the general rule is that an amendment which relates only to remedies or procedure will be given retroactive application except where a procedural rule destroys a substantive right. (Hogan v. Bleeker (1963), 29 Ill.2d 181.) Thus, an amendment shortening the limitation period will not be applied retroactively so as to terminate an action filed within the limitation period prior to the effective date of the amendment. (Burgdorff v. Siqueira (1982), 109 Ill. App.3d 493.) When the Department filed suit against the defendant, the statute contained no limitation period, so the *437 amendment was properly not applied retroactively to terminate the cause of action.
 2 The defendant next argues that the trial court erred in denying his motion to dismiss the actions against him where the complaints allege conclusions rather than facts, and therefore, fail to state a cause of action. The defendant points to count II, paragraph 4 of each complaint where it states that the defendant "wilfully failed to provide for the payment by or on behalf of the corporation of the taxes owed by it to the [Department]," in support of his argument.
The Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1-101 et seq.) provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1985, ch. 110, par. 2-603(c).) It further provides that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." (Ill. Rev. Stat. 1985, ch. 110, par. 2-612(b).) Under the Code, the test for the sufficiency of the complaint is whether it informs the defendant of a valid claim under a general class of cases. (Gallina v. Dollens (1979), 75 Ill. App.3d 174.) Though the complaint in the instant case was rather inartfully drawn, we believe that it adequately informed the defendant of the Department's claims against him. The record indicates that the defendant understood the nature of the claims against him, and if he did not, he could have moved for a bill of particulars or pursued other discovery techniques.
 3 The defendant next argues that summary judgment was improperly granted because there was a genuine issue of material fact presented as to each element of the offense. First, the defendant states that there was an issue as to whether he was an "officer or employee * * * who has the control, supervision or responsibility" of making tax payments, and thus subject to liability. He also asserts that there was a genuine issue of material fact as to whether he wilfully failed to file and pay the correct amount of taxes due under the Act.
A motion for summary judgment is appropriate only where the pleadings, depositions, admissions and affidavits on file conclusively demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ill. Rev. Stat. 1985, ch. 110, par. 2-1005(c).
The evidence of record upon which the judge granted summary judgment included certain answers to interrogatories and an affidavit filed by the defendant. In the answers to interrogatories, the defendant *438 states that he is the president and the sole officer of the corporation, that he approved the preparation of the corporation's books and records, and that he prepared and signed the sales tax returns. These admissions conclusively demonstrate that there was no genuine issue as to whether the defendant was "[a]ny officer or employee of any corporation * * * who has the control, supervision or responsibility of filing returns and making payment" of the amount of tax due. However, the evidence of record does not conclusively demonstrate that there was no genuine issue presented as to whether the defendant wilfully failed to pay the amount of taxes owed.
The defendant stated in his affidavit that at all relevant times the corporation had an accountant and bookkeeper who prepared the sales tax reports and income tax reports. He further stated that he never personally reviewed the reports and only signed them in his capacity as president, and not as preparer of the reports. Finally, the defendant stated that he had no personal knowledge or any reason to believe that the sales tax had been underreported. The affidavit was uncontradicted. The Department seems to maintain in response that the showing of wilful failure to pay extends from establishing the element of control. The Department states, "Tintori's admissions of his status as an officer and his control over preparation and filing the sales tax returns, [demonstrate that] he was cognizant of the underreporting of taxable sales on the returns and such acts constituted a wilful failure to file returns in compliance with the [Act]." The Department also states that wilful failure to pay is shown by the fact that the corporation continued in existence after the audit period and paid other creditors. We do not agree with the Department.
 4 Our supreme court has held that the wilful failure to pay requirement is satisfied with a showing of "voluntary, conscious and intentional failure" to make the tax payments. (Department of Revenue v. Heartland Investments, Inc. (1985), 106 Ill.2d 19, 30.) The wilful failure to pay requirement was met in Heartland Investments, Inc. when the Department was able to show that the officers of the corporation consciously chose to use the taxes collected to pay corporate creditors rather than the Illinois Department of Revenue. The requirement was also met in Department of Revenue v. Joseph Bublick & Sons, Inc. (1977), 68 Ill.2d 568, where it was shown that the officer responsible for filing the retailers' occupation tax return and the making of payments thereon arbitrarily instructed the bookkeeper to report only 50% of the gross receipts on the ground that 50% of the corporation sales were nontaxable resales. He contended that in so doing he was unaware that the Act required a report of the total of *439 all sales with a deduction for the sales for resale for which there was proper documentation. The trial court rejected the officer's explanation for his actions, stating that it would be inconceivable for a sophisticated, hard-nosed businessman to be unaware of the Act's requirements, or to not ask his accountant for an explanation of the Act's requirements. The supreme court upheld the ruling of the trial court stating that there was ample evidence in the record to support the finding of wilful failure to pay.
 5 There is no such evidence of record in the instant case. The Department did not demonstrate that the defendant instructed his bookkeeper to underreport his tax obligation or that the defendant consciously chose to pay other creditors before the Department of Revenue. The Department failed to refute the defendant's statement in his affidavit that he had no personal knowledge or any reason to believe that the sales tax had been underreported. A person must have knowledge to voluntarily, consciously and intentionally fail to file and pay the correct amount of taxes due. The record demonstrates the existence of a genuine issue of material fact regarding whether or not the defendant wilfully underreported the tax obligations of the corporations. Therefore, summary judgment was inappropriate. Accordingly, the judgment of the circuit court of McLean County is affirmed in part, reversed in part, and remanded.
Affirmed in part, reversed in part, and remanded.
STOUDER and WOMBACHER, JJ., concur.