640 N.E.2d 1262 (1994)
266 Ill. App.3d 838
203 Ill.Dec. 889
Rosetta GRIFFITH, Plaintiff-Appellee,
v.
The DEPARTMENT OF REVENUE et al., Defendants-Appellants.
No. 1-92-2518.
Appellate Court of Illinois, First District, First Division.
September 19, 1994.
*1263 Roland W. Burris, Atty. Gen., and Rosalyn B. Kaplan, Sol. Gen., Chicago (Jan E. Hughes, Asst. Atty. Gen., of counsel), for appellants.
Jenner & Block, Chicago (Robert L. Graham, Laura A. Kaster, Robert L. Denby, of counsel), for appellee.
Justice BUCKLEY delivered the opinion of the court:
The Department of Revenue of the State of Illinois ("the Department") appeals the Cook County Circuit Court's determination that Rosetta Griffith ("plaintiff") is not liable for taxes owed by Timothy, Inc. under the Retailers' Occupation Tax Act ("ROTA"). (Ill.Rev.Stat.1991, ch. 120, par. 45254) (now, 35 ILCS 120/13.5 (West 1992)).) The court's ruling reversed the Department's finding that plaintiff is personally liable for the corporation's taxes. The issues revolve around the interpretation of section 1354 of ROTA, which imposes personal liability for a wilful failure to pay corporate taxes.
The circuit court adopted the plaintiffs reading of section 1354 by holding that the Department's showing of corporate tax liability does not, by itself, establish a prima facie case of personal liability. Specifically, the Department must also show a wilful failure to pay the tax. The court also found that even if the Department had met its burden, plaintiff successfully rebutted the presumption of wilfulness through her sworn answers to interrogatories and tax bills.
The Department believes it established its prima facie case of plaintiffs tax liability under section 13)4 simply by submitting the Notice of Tax Liability sent to Timothy, Inc. and the corporation's tax returns signed by plaintiff. Further, the Department argues that plaintiff has failed to rebut the presumption of tax liability arising from the Department's prima facie case because plaintiff admitted *1264 no evidence and only referred to evidence admitted by the Department.
The Department issued Timothy, Inc., which operated as a small grocery store, a "Notice Of Tax Liability" on June 18, 1985. This notice represented unpaid taxes, penalties, and interest due under ROTA and was never protested. On April 9, 1987, the Department issued plaintiff, the president of Timothy, Inc. a "Notice of Penalty Liability" ("NPL") in the amount of $405,805.63 for unpaid taxes, penalties and interest for the period from January 1982 through October 1985. Although plaintiff was president of Timothy, Inc. from January 1982 through July 1985, she did not receive any compensation, dividends or salary from the corporation. A full-time employee and an accountant managed the corporation. The employee maintained and had control of the corporate books and records. The accountant prepared and filed the Retailers' Occupation Tax returns and prepared the check for payment with each return. Plaintiff signed the returns and checks but played no role in their preparation and claims she was unfamiliar with the ROTA prior to this lawsuit.
There is no dispute that Timothy, Inc. filed returns and paid the amounts reflected on these returns. The alleged deficiency reflected in the NPL is the result of disallowed deductions taken by Timothy, Inc. Plaintiff protested the NPL and on June 20, 1988, the Department held a hearing.
At the hearing the Department introduced into evidence a copy of the NPL, copies of Timothy, Inc.'s sales tax and corporate tax returns, and plaintiffs answers to written interrogatories. The Department rested its case after asserting that plaintiff was an officer and responsible party of Timothy, Inc. Plaintiff offered no evidence but argued that the Department had failed to meet its burden of showing control and wilfulness on the part of plaintiff. The Department's Administrative Law Judge ("ALJ") found that the Department met its burden of proof "simply by introducing the Notice of Penalty Liability and the copies of signed tax returns," and recommended that the NPL be finalized as plaintiff offered no evidence to rebut the Department's case.
On October 17, 1988, plaintiff appealed the ALJ's decision to the circuit court of Cook County.[*] The circuit court found for plaintiff and reversed the ALJ's finding that a prima facie case under section 1312; is established by simply admitting the NPL into evidence. Judge Kogan found that the NPL is only prima facie proof of the amount of the penalty due, and wilfulness must also be proved in order to impose liability under section 1314;.
This court agrees with the circuit court holding that evidence of a wilful failure to pay taxes is required to impose personal liability under section 13½. The Department raises several unconvincing arguments for the proposition that a showing of corporate tax liability is prima facie proof of personal tax liability under section 13½. The Department is attempting to read the statutory language in a way that would undermine the intent of the legislature and destroy a well established line of case law. The statutory language is unambiguous and clearly states that personal tax liability will be imposed only against those who "wilfully" fail to file returns or pay taxes:
"Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who wilfully fails to file such return or to make such payment to the Department or willfully attempts in any other manner to evade or defeat the tax shall be personally liable for a penalty equal to the total amount of tax unpaid by the corporation, including interest and penalties thereon; The Department shall determine *1265 a penalty due under this Section according to its best judgment and information, and such determination shall be prima facie correct and shall be prima facie evidence of a penalty due under this Section. Proof of such determination by the Department shall be made at any hearing before it or in any legal proceeding by reproduced copy of the Department's record relating thereto in the name of the Department under the certificate of the Director of Revenue. Such reproduced copy shall, without further proof, be admitted into evidence before the Department or any legal proceeding and shall be prima facie proof of the correctness of the penalty due, as shown thereon * * *." (Emphasis added.) Ill.Rev.Stat.1991, ch. 120, par. 452½ (now, 35 ILCS 120/13.5 (West 1992)).
A statute will be construed by an appellate court independent of the trial court's determination. (Eck v. McHenry County Public Building Comm'n (1992), 237 Ill.App.3d 755, 759, 178 Ill.Dec. 586, 590, 604 N.E.2d 1109, 1113.) A court is to ascertain and give effect to the true intent and meaning of the legislature, with the best evidence of intent being the language of the statute itself. (Puss N Boots, Inc. v. Mayor's License Comm'n (1992), 232 Ill.App.3d 984, 986, 173 Ill.Dec. 676, 678, 597 N.E.2d 650, 652.) A statute must be enforced as written if it is unambiguous. (Haist v. Wei Wu (1992), 235 Ill.App.3d 799, 813, 176 Ill.Dec. 229, 238, 601 N.E.2d 927, 936.) Courts should give substantial weight and deference to the interpretation of a statute by the agency charged with its administration and enforcement. County of Cook v. Illinois Local Labor Relations Board (1991), 214 Ill.App.3d 979, 987, 158 Ill.Dec. 641, 646, 574 N.E.2d 754, 759.
The Department reads the plain meaning of the statute to mean that a "prima facie case is met simply by admitting into evidence the reproduced copy of the Department's records, i.e., the NPL and the Corporate tax returns." However, the language of the statute states that the Department's records shall be only prima facie evidence of a penalty due and prima facie proof of the correctness of the penalty due. The Department would like this court to equate the meaning of "prima facie case" with the phrases "prima facie evidence of a penalty due" and "prima facie proof of the correctness of the penalty due." As the circuit court correctly noted, evidence is only a medium of proof and does not equal a prima facie case.
The meanings of these phrases are not the same. To hold otherwise would require this court to assume a person acted wilfully every time the Department's records showed corporate tax liability. This reading would in effect merge the element of wilfulness into the element of corporate liability and would render the wilful language superfluous. However, statutes should be construed so that no word or phrase is rendered superfluous or meaningless. (Jones v. Municipal Officers Electoral Board (1983), 112 Ill.App.3d 926, 930, 68 Ill.Dec. 522, 525, 446 N.E.2d 256, 259.) Therefore, section 13½ must require the Department to make a showing of wilfulness independent of the showing of corporate tax liability.
The Illinois Supreme Court has interpreted the term "wilful" in section 13½ to mean a "voluntary, conscious and intentional failure" to make a tax payment. (Department of Revenue v. Joseph Bublick & Sons, Inc. (1977), 68 Ill.2d 568, 577, 12 Ill.Dec. 265, 269, 369 N.E.2d 1279, 1283.) Plaintiff has cited several cases directly on point, which illustrate that the Department did not prove plaintiff acted wilfully as interpreted under section 13½.
In Department of Revenue v. Marion Sopko, Inc. (1980), 84 Ill.App.3d 953, 40 Ill.Dec. 487, 406 N.E.2d 188, the appellate court affirmed the lower court finding that the Department had failed to show a wilful failure to pay. A corporate officer received a Notice of Tax Liability and gave it to the corporation's accountant who assured the officer that he would resolve the problem. The officer continued to sign and pay the returns prepared by the accountant, unaware of the fact that a tax deficiency was developing. The court found the evidence did not support a finding that the officer intentionally failed to pay the tax. Sopko, 84 Ill.App.3d at 956-57, 40 Ill.Dec. at 489, 406 N.E.2d at 190.
*1266 This same reasoning was applied in People ex rel. Department of Revenue v. National Liquors Empire, Inc. (1987), 157 Ill.App.3d 434, 109 Ill.Dec. 627, 510 N.E.2d 495. In that case the appellate court found the corporate officer's role of signing tax returns prepared by an accountant insufficient evidence of wilfulness to impose personal liability and reversed the lower court's summary judgment for the Department. National Liquors, 157 Ill.App.3d at 439, 109 Ill.Dec. at 630-31, 510 N.E.2d at 498-99.
Finally, in Department of Revenue v. Corrosion Systems, Inc. (1989), 185 Ill.App.3d 580, 133 Ill.Dec. 647, 541 N.E.2d 858, the appellate court reversed the lower court's summary judgment in favor of the Department. The corporate officer paid all taxes that were reported to be due on returns prepared by an accountant but was mistaken as to the exemption of certain sales made by the corporation. The court adopted the rule of Federal law "that the government must show the officer knew the taxes were due in order to establish wilfulness." Corrosion, 185 Ill.App.3d at 585, 133 Ill.Dec. at 650, 541 N.E.2d at 861.
A wilful failure to pay taxes has been found where the taxpayer fails to pay the amount reflected as due in signed tax returns and instead uses the corporate funds to pay creditors. (See Department of Revenue v. Heartland Investments, Inc. (1985) 106 Ill.2d 19, 30, 86 Ill.Dec. 912, 917, 476 N.E.2d 413, 418.) Personal liability was also imposed where the taxpayer played a "substantial" role in preparing and fuing the tax returns by preparing the preliminary ledgers to be used by the accountant to prepare the returns. (See Department of Revenue v. Roman S. Dombrowski Enterprises, Inc. (1990) 202 Ill.App.3d 1050, 1055, 148 Ill.Dec. 284, 287, 560 N.E.2d 881, 884.) These cases are distinguishable in that this plaintiff played no role in preparing Timothy, Inc.'s tax returns and paid the full amounts reflected on the tax returns.
Like the taxpayers in Sopko, National Liquors and Corrosion, plaintiff was relying on an accountant to prepare the corporation's tax returns. All taxes due, as reflected on the returns prepared by plaintiffs accountant, were paid in full. The Department has presented no evidence to show plaintiff consciously, voluntarily or intentionally failed to pay her taxes as the above cases indicate the Department must prove. More importantly, this line of cases shows that section 13½ puts the burden of showing wilfulness on the Department.
The Department argues that the line of case precedent discussed above is not applicable because section 13½ was amended in 1987 to include the "prima facie" language. The Department's arguments do not address the factual issue of plaintiffs wilful failure to pay because the Department interprets the amendment as creating a presumption of a wilfulness once the NPL has been admitted.
The circuit court countered this argument by concluding that the "prima facie" amendment was enacted to make the procedure for collecting taxes under the statute more efficient in two ways. First, the amendment eliminated the requirement that the Department hold a separate judicial proceeding to reduce the tax deficiency against the corporation to a judgment before proceeding against the individual officer. Second, it eliminated the requirement that the Department re-prove the amount of taxes due after it has proved the amount for purposes of imposing corporate liability. See Dombrowski 202 Ill.App.3d at 1052-53, 148 Ill.Dec. at 285-86, 560 N.E.2d at 882-83; Heartland Investments, 106 Ill.2d at 26, 86 Ill.Dec. at 914, 476 N.E.2d at 415.
The plain language of the statute indicates that Judge Kogan's reasoning is sound. In addition, this court must note that the wilful language was not deleted in the 1987 amendment. "Where terms used in a statute have acquired a settled meaning through judicial construction and are retained in subsequent amendments, they are to be understood as previously interpreted by the courts unless the legislature clearly indicates a contrary intention." (Carver v. Bond/Fayette/Effingham Regional Board of School Trustees (1992), 146 Ill.2d 347, 353, 167 Ill.Dec. 1, 4, 586 N.E.2d 1273,1276; People ex rel. Nelson v. Wiersema State Bank (1935), 361 Ill. 75, 78-79, 197 N.E. 537, 538.) Therefore, the Department's argument that the 1987 *1267 amendment eliminated the burden of showing wilfulness must be rejected.
On January 1, 1994, section 13½ was replaced by section 3-7 of the Uniform Penalty and Interest Act. (Ill.Rev.Stat.1991, ch. 120, sec. 2603-7) (now, 35 ILCS 735/3-7 (West 1992)).) Section 13½ stated the NPL "shall be prima facie proof of the correctness of the penalty due." Section 3-7 now states the NPL "shall be prima facie proof of the correctness of the amount of penalty due." Although this new section does not apply retroactively, it is a further indication that the Department's interpretation of section 13½ is incorrect. "An amendment that contradicts a recent interpretation of a statute is an indication that such interpretation was incorrect and that the amendment was enacted to clarify the legislature's original intent." (Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund (1993), 155 Ill.2d 103, 111, 183 Ill.Dec. 6, 9, 610 N.E.2d 1250, 1253, citing Bruni v. Department of Registration & Education (1974), 59 Ill.2d 6, 11-12, 319 N.E.2d 37, 40.) By inserting the words "of the amount" into the statute, the legislature must have intended the NPL to be proof of the amount of tax due only and not proof of liability under the statute.
The Department argues that a comparison of section 13½ to other sections of ROTA illustrates that the legislature did not intend the phrase "of the amount" to be read into section 13½ Sections 4 and 5 of ROTA include this phrase and the Department argues that the legislature could have added this language to section 13½. Since section 13½ does not include this language, the Department argues its interpretation is correct. However, as discussed above, the plain meaning of the statute and the fact that the legislature has revised this section suggest the Department's interpretation is incorrect.
The Department would like this court to be persuaded by Federal cases interpreting section 6672 of the Internal Revenue Code. (26 U.S.C. sec. 6672.) Section 6672 also contains wilfulness language but it does not contain language comparable to the "prima facie " language in section 13½ The cases cited place the burden of proving a lack of wilfulness on the taxpayer. (See Psaty v. United States (3rd Cir.1971), 442 F.2d 1154, 1158-1161; Mazo v. United States (5th Cir.1979), 591 F.2d 1151, 1155, cert. denied sub nom. Lattimore v. United States (1979), 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54.) It seems unnecessary to look to courts outside this jurisdiction for guidance given that the supreme court has directly addressed this issue.
The circuit court made an alternative factual finding that the evidence admitted to the ALJ was sufficient to rebut a presumption of wilfulness. The only evidence admitted at the hearing was admitted by the Department. The Department argues that plaintiff did not overcome the Department's prima facie case because plaintiff admitted no evidence to rebut the presumption of wilfulness. In light of our findings that section 13½ does not create a presumption of wilfulness and the Department did not meet its burden, it is unnecessary to determine whether plaintiff successfully rebutted a presumption of wilfulness.
Accordingly, for the foregoing reasons, the decision of the circuit court of Cook County is affirmed.
Affirmed.
O'CONNOR and MANNING, JJ., concur.
NOTES
[*] To secure the appeal plaintiff was required to post a bond or a lien on her property. She was unable to afford a bond and asked the court that a lien be imposed instead. The Department opposed a lien and Judge Arkiss agreed that a bond was required and dismissed the appeal. Plaintiff appealed that dismissal to this court and on June 18, 1990, this court reversed the circuit court and remanded with instructions to impose a lien in lieu of a bond. On remand, the case was assigned to Judge Randye Kogan.